UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JULIE COUSINS,

          Plaintiff,

vs.                           Case No.  2:12-cv-505-FtM-29DNF

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

          Defendant.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #26), filed on August 23, 2013, recommending that the Commissioner's decision to deny social security disability benefits be reversed and remanded with instructions to the Commissioner. No objections have been filed, and the time to do so has expired.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)(citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005)(citing Crawford, 363 F.3d at 1158-59). Even if the evidence preponderates

against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)).  The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  The Court reviews the Commissioner's conclusions of law under a de novo standard of review. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007)(citing Martin, 894 F.2d at 1529).

The Report and Recommendation finds that the Administrative Law Judge (ALJ) erred in failing to develop the record as to whether plaintiff's residual functional capacity precludes performing jobs with reasoning levels of two and three as listed in the Dictionary of Occupational Titles (DOT). (Doc. #26.) After an independent *de novo* review, the Court agrees with this finding and recommendation. With one exception, the Court also agrees with the findings and proposed disposition of the other issues raised by plaintiff. The exception is that the Court does not agree with the sentence: "At step two, the ALJ is not required to identify all of the impairments that should be considered severe." (Doc. #26, p.

22.)  The Court is not persuaded by the unpublished Eleventh Circuit case cited in the Report and Recommendation.[1]  The ALJ is required to identify all severe impairments at step two, although the failure to do so may be harmless error.

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation (Doc. #26) is **accepted and adopted** by the Court, with the exception noted above.

2.  The Decision of the Commissioner of Social Security is **reversed** and the matter is **remanded** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can develop the record as to whether plaintiff's residual functional capacity precludes performing jobs with reasoning levels of two and three as listed in the DOT.

3.  The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of September, 2013.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record

---

[1] <u>Heatly v. Comm'r of Soc. Sec.</u>, 382 F. App'x 823 (11th Cir. 2010).